1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6                                SAN JOSE DIVISION

7

8   PACIFIC INTERNATIONAL                    Case No.   5:21-cv-09312-EJD
    VEGETABLE MARKETING, INC., et al.,
9                                            **ORDER GRANTING DEFENDANT'S**
                   Plaintiffs,               **MOTION FOR JUDGMENT ON THE**
10                                           **PLEADINGS**
           v.
11                                           Re: Dkt. No. 23
    NATIONWIDE AGRIBUSINESS
12  INSURANCE COMPANY,

13                 Defendant.

14          Plaintiffs Pacific International Vegetable Marketing, Inc., ("Pacific International") and

15  Dynapac Harvesting, Inc., ("Dynapac") (collectively, "Plaintiffs") filed this action against their

16  former general liability insurance provider, Nationwide Agribusiness Insurance Company

17  ("Nationwide"), and Does 1–50.  Plaintiffs allege that Nationwide breached its duty to defend

18  Plaintiffs in a civil lawsuit ("Underlying Action") brought by the California Department of Fair

19  Employment and Housing ("DFEH") alleging violations of California's Fair Employment and

20  Housing Act ("FEHA") on behalf of a former employee, Jane Doe.  Nationwide filed a motion for

21  judgment on the pleadings, arguing that it did not have a duty to defend in the Underlying Action.

22  Def.'s Mot. for J. on the Pleadings ("Mot. J."), ECF 23.  Plaintiffs filed an opposition, and

23  Nationwide filed a reply.  Pls.' Opp'n to Def.'s Mot. for J. on the Pleadings ("Opp'n"), ECF No.

24  28; Def.'s Reply in Supp. of Def.'s Mot. for J. on the Pleadings ("Reply"), ECF No. 31.  Having

25  carefully reviewed the relevant documents, the Court finds this matter suitable for decision

26  without oral argument pursuant to Civil Local Rule 7-1(b).  For the reasons stated below,

27  Nationwide's motion for judgment on the pleadings is **GRANTED**.

28  Case No.: 5:21-cv-09312-EJD
    ORDER GRANTING JUDGMENT ON THE PLEADINGS
                                            1

*United States District Court*
*Northern District of California*

United States District Court
Northern District of California

I.       **BACKGROUND**

   A.      **Parties**

   Plaintiffs Pacific International and Dynapac are corporations in the agricultural industry organized and existing under the State of California, with their principal places of business in Monterey County, California.  Compl. ¶ 1, *Pacific International Vegetable Marketing, Inc., et al., v. Nationwide Agribusiness Insurance Company*, Monterey County Superior Court Case No. 21CV003454 (filed Oct. 28, 2021) ("Compl."), ECF 1-1.[1]  Pacific International is the parent company of Dynapac.  Mot. J. 1, 2.  Defendant, Nationwide, is a corporation organized and existing under the laws of the State of Iowa.  Def.'s Notice of Removal ¶ 6.

   B.      **The Insurance Policy**

   Plaintiffs and Nationwide entered into a Commercial General Liability Coverage agreement ("Policy") covering the period of May 11, 2016, through May 11, 2017.  *See* Commercial General Liability Coverage Form ("Policy Agreement"), ECF No. 23-3 (found in Mot. J., Ex. B at 24–39). The Policy contained three relevant provisions.

   First, "Coverage A – Bodily Injury and Property Damage Liability" ("Coverage A") obligated Nationwide to cover Plaintiffs' liability resulting from bodily injury or property damage and to defend in a suit seeking those damages.  *Id.* at 1–6.  Covered "bodily injury" is caused by an "occurrence," which the Policy defines as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."  *Id.* at 15.

   Second, "Coverage B – Personal and Advertising Injury Liability" ("Coverage B") obligated Nationwide to cover Plaintiffs' liability resulting from personal and advertising injury and to defend in a suit seeking those damages.  *Id.* at 6–7.  The Policy defines "personal and advertising injury" as injury arising from an enumerated list of offenses, including false imprisonment and slander.  *Id.* at 15.

---

[1] Plaintiffs filed this action in the Monterey County Superior Court on October 28, 2021; Nationwide removed to this Court on December 2, 2021.  *See* Def.'s Notice of Removal, ECF No. 1.

1  Third, "Employment-Related Practices Exclusion" ("ERP Exclusion") specifically

2  excludes from coverage, in relevant part, liability based on "[e]mployment related practices,

3  policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline,

4  defamation, harassment, humiliation or discrimination."  Employment-Related Practice Exclusion

5  Agreement ("ERPE Agreement"), ECF No. 23-3 (found in Mot. J., Ex. B at 219).  The exclusion

6  applies "[w]hether the insured may be liable as an employer or in any other capacity."  *Id.*

7  **C.      The Underlying Action**

8  On March 1, 2019, DFEH filed a civil rights complaint against Plaintiffs on behalf of

9  former employee, Jane Doe, in the Monterey County Superior Court.  *See* First Am. Compl.,

10  *Pacific International Vegetable Marketing, Inc., et al., v. Nationwide Agribusiness Insurance*

11  *Company*, Monterey County Superior Court Case No. 19CV000901 (filed March 1, 2019),

12  ("Underlying Action"), ECF No. 28-7.  DFEH alleged the following FEHA violations:

13  employment discrimination based on sex, harassment based on sex, retaliation, failure to prevent

14  discrimination and harassment, and aiding and abetting FEHA violation. [2]  *Id.* ¶¶ 32–78.  DFEH is

15  a state department authorized to "issue civil complaints on behalf of itself and persons aggrieved

16  by discriminatory employment practices and violations of personal rights."  *Id.* ¶ 2; *see also* Cal.

17  Gov. Code § 12965(a)(1) (authorizing DFEH to bring civil actions in the case of failure to

18  eliminate unlawful employment practices).

19  In the Underlying Action, DFEH alleged that Plaintiffs' foreman in charge of overseeing

20  crews of farmworkers in the fields repeatedly sexually assaulted and harassed a female

21  farmworker, Jane Doe, during the Policy coverage term.[3]  *Id.* ¶¶ 20–24.  The foreman allegedly

22  warned Jane Doe that there would be consequences for refusing his sexual demands, including

23  suspension and not rehiring her for the next harvesting season.  *Id.* ¶¶ 21–26.  Jane Doe called the

---

25  [2] DFEH also filed one individual claim against the foreman alleging that his sexual assault and
harassment of Jane Doe violated California Civil Code section 51.7's prohibition of acts of
26  violence.  Underlying Action ¶¶ 79–84.  DFEH is authorized to raise claims on behalf of a "person
denied any right provided for by Section 51.7 of the Civil Code, as an unlawful [employment]
27  practice prohibited under this part."  Cal. Gov. Code § 12965(d).
[3] The employee is referred to as "Jane Doe" in the Underlying Action. *See* Underlying Action.

United States District Court
Northern District of California

human resource department to report the incidents, and DFEH alleged that Plaintiffs investigated these incidents in a non-confidential manner and summarily concluded the investigation without taking action. *Id.* ¶¶ 26–28. Following the investigation, Plaintiffs allegedly placed Jane Doe with another crew in a field adjacent to the foreman, where she continued to be sexually harassed by him. *Id.* ¶ 29. Plaintiffs then allegedly refused to re-hire Jane Doe the next season. *Id.* ¶ 30. After Jane Doe brought her administrative complaint to DFEH, the foreman allegedly threatened her and told her that if she did not drop her complaint with DFEH, he would kill her and her children. *Id.* ¶ 31. DFEH alleged that this conduct constituted unlawful employment practices in violation of various FEHA provisions, Gov. Code § 12940. *Id.* ¶¶ 35, 45, 55, 64, 67, 75. The Underlying Action resulted in a confidential settlement executed in December 2020, whereby Dynapac provided Jane Doe $500,000 in exchange for releasing all potential claims, among other settlement terms. Opp'n 2.

Plaintiffs tendered their defense for the Underlying Action to Nationwide on May 15, 2019. Mot. J. 5. Nationwide refused to defend in the Underlying Action on June 4, 2019, informing Plaintiffs that the claims were excluded from coverage under the ERP Exclusion because they were premised upon "employment-related practices." *Id.* Following the denial, counsel for Plaintiffs sent repeated requests for reconsideration, to which Nationwide reiterated its reasons for denying coverage and a defense. *Id.* Plaintiffs filed this current action alleging that Nationwide's refusal to defend in the Underlying Action constituted a breach of contract and breach of the implied covenant of good faith and fair dealing. *See* Compl.

## II.   LEGAL STANDARD

A motion for judgment on the pleadings under Rule 12(c) challenges the legal sufficiency of the opposing party's pleadings and operates like a motion to dismiss under Rule 12(b)(6). *Morgan v. Cnty. of Yolo*, 436 F. Supp. 2d 1152, 1154–55 (E.D. Cal. 2006). "[T]he same standard of review applicable to a Rule 12(b) motion applies to its Rule 12(c) analog," because the motions are "functionally identical." *Dworkin v. Hustler Mag., Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). The Court will "accept factual allegations in the complaint as true and construe the pleadings in

United States District Court
Northern District of California

1   the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*,

2   519 F.3d 1025, 1031 (9th Cir. 2008).  A district court generally may not consider materials beyond

3   the pleadings in evaluating a Rule 12(c) motion.  *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189

4   F.3d 971, 981 n.18 (9th Cir. 1999).  The court may, however, consider materials properly subject

5   to judicial notice or incorporation by reference.  *Khoja v. Orexigen Therapeutics*, 899 F.3d 988,

6   998 (9th Cir. 2018).  Judgment on the pleadings is appropriate if, assuming the truth of all

7   materials facts pled in the complaint, the moving party is entitled to judgment as a matter of law.

8   *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1989).

9   **III.    DISCUSSION**

10          The parties agree that California law applies to this coverage dispute and that the

11   interpretation of an insurance policy is a matter of law.  *See Smyth v. USAA Prop. & Cas. Ins. Co*.,

12   5 Cal. App. 4th 1470, 1474 (1992).  The parties primarily dispute (1) whether Nationwide had a

13   duty to defend Plaintiffs in the Underlying Action, and (2) whether the ERP Exclusion specifically

14   applied to Pacific International.

15          **A.    Duty to Defend**

16          "An insurer has a very broad duty to defend its insured under California law."  *Anthem*

17   *Elecs., Inc. v. Pac. Employers Ins. Co.*, 302 F.3d 1049, 1054 (9th Cir. 2002).  The California

18   Supreme Court has stated that "the insured is entitled to a defense if the underlying complaint

19   alleges the insured's liability for damages potentially covered under the policy, or if the complaint

20   might be amended to give rise to a liability that would be covered under the policy."  *Montrose*

21   *Chem. Corp. v. Super. Ct.*, 24 Cal. Rptr. 2d 467, 475 (Cal. 1993).  The insurer must defend so long

22   as, under "the facts alleged, reasonably inferable, or otherwise known, the complaint could fairly

23   be amended to state a covered liability."  *Hartford Cas. Ins. Co. v. Swift Distribution, Inc.*, 172

24   Cal. Rptr. 3d 653, 659 (Cal. 2014) (quoting *Scottsdale Ins. Co. v. MV Transp.*, 31 Cal. Rptr. 3d

25   147, 153–54 (Cal. 2005)).  Doubt as to whether an insurer must defend is resolved in favor of the

26   insured.  *Id.*  However, "if, as a matter of law, neither the complaint nor the known extrinsic facts

27   indicate any basis for potential coverage, the duty to defend does not arise in the first instance."

28   Case No.: 5:21-cv-09312-EJD
    ORDER GRANTING JUDGMENT ON THE PLEADINGS

United States District Court
Northern District of California

1   *Scottsdale Ins. Co. v. MV Transp.*, 31 Cal. Rptr. 3d 147, 154 (Cal. 2005).  Stated conversely, the

2   insurer has no duty to defend "when 'the third party complaint can *by no conceivable theory raise*

3   *a single issue* which could bring it within the policy coverage.'"  *Mirpad, LLC v. Cal. Ins. Guar.*

4   *Ass'n*, 34 Cal. Rptr. 3d 136, 142 (Cal. Ct. App. 2005) (emphasis in original) (quoting *Montrose*,

5   24 Cal. Rptr. 2d at 474).  "The duty to defend is determined by reference to the policy, the

6   complaint, and all facts known to the insurer from any source." *Montrose*, 24 Cal. Rptr. 2d at 475.

7        Nationwide argues that it did not have a duty to defend Plaintiffs in the Underlying Action

8   because the claims were not covered under the Policy, and even if the claims were covered, the

9   claims were excluded because they related to employment practices.  *See* Mot. Dismiss.  The

10  Court grants Nationwide's motion for judgment on the pleadings on the grounds that the ERP

11  Exclusion precluded coverage in the Underlying Action.  The Court does not reach Nationwide's

12  additional arguments.

13              **1.     Underlying Action and the ERP Exclusion**

14       The ERP Exclusion excludes from coverage liability arising from "[e]mployment related

15  practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment,

16  discipline, defamation, harassment, humiliation or discrimination."  ERPE Agreement.  Here,

17  DFEH brought six claims against Plaintiffs under FEHA on behalf of Jane Doe.  *Id.*  All claims

18  alleged that Jane Doe suffered harm as a result of Plaintiffs' unlawful "employment practices." *Id.*

19  ¶¶ 33, 43, 53, 62, 65, 73.  On its face, the Underlying Action clearly alleged claims exclusively

20  arising from employment-related practices, which were excluded from the Policy under the ERP

21  Exclusion.  *See, e.g., Diversified Commc'ns Servs., Inc. v. Landmark Am. Ins. Co.*, No. CV 08-

22  7703 PSG (SSX), 2009 WL 772952, at *9 (C.D. Cal. Mar. 17, 2009) ("[The underlying action]

23  brought Unlawful Employment Practices claims under sections 12940(a), (j), and (n) of the

24  California Government Code. These claims alleged a course of conduct involving harassment and

25  discrimination that took place, not outside, but within the confines of the employment setting . . . .

26  [T]his course of conduct was undoubtedly employment-related acts or omissions . . . . ").

27       The question now turns to whether the Underlying Action involved facts that could have

28

potentially given rise to covered claims unrelated to employment practices.  *See, e.g., Montrose*, 6 Cal. 4th at 299; *Hartford*, 172 Cal. Rptr. 3d at 659; *Scottsdale*, 31 Cal. Rptr. 3d at 154.

### 2.     Potential for Coverage

Plaintiffs essentially argue that, even if the Underlying Action only alleged unlawful employment-related practices, Plaintiffs were still entitled to a defense because the Underlying Action contained allegations of conduct unrelated to employment practices that could have *potentially* given rise to covered claims unrelated to employment practices.  *See* Opp'n 18–19, 22, 24–25.

Plaintiffs' arguments here can be categorized under two theories: (1) Jane Doe's testimony and allegations in the Underlying Action revealed facts that could potentially give rise to covered claims of bodily injury, slander, and false imprisonment based on conduct unrelated to employment practices; and (2) Dynapac paid Jane Doe $500,000 in damages in exchange for Jane Doe releasing liability for claims not alleged, which could potentially include covered claims unrelated to employment practices.  *Id.*  Plaintiffs partly focus on Jane Doe's relationship with the foreman to argue that the conduct in the Underlying Action could be considered unrelated to employment practices, and Jane Doe could have potentially raised claims based on this conduct. *Id.* at 18–19.  Plaintiffs argue that the foreman's alleged sexual assault and harassment began prior to his role as her superior and occurred outside of work hours and not on Plaintiffs' property— therefore Jane Doe could have potentially raised claims for bodily injury, slander, or false imprisonment arising from conduct unrelated to employment practices.  *Id.*  Plaintiffs further argue that Jane Doe's testimony specifically revealed comments the foreman made regarding Jane Doe's promiscuity that could constitute a covered claim for slander unrelated to employment practices.  *Id.* at 24–25.  Plaintiffs also raise the attenuated argument that the underlying allegations are unrelated to employment practices because the foreman's conduct involving "[s]ex and comments about Ms. Doe's promiscuity have no relation to her job as an agricultural worker, nor did these activities or statements relate to her performance at Dynapac."  *Id.* at 18.

The Court does not reach a conclusion regarding whether this conduct could potentially

United States District Court
Northern District of California

give rise to claims unrelated to employment practices, but the Court finds that there was no reasonable potential for claims unrelated to employment practices to be raised in the Underlying Action brought by DFEH.

First, regardless of what Jane Doe testified in her deposition or the alleged details of the sexual assault and harassment, Plaintiffs' argument fails because Jane Doe was not a plaintiff in the Underlying Action. While DFEH sued Plaintiffs on behalf of Jane Doe as a real party in interest, DFEH was an independent party to the lawsuit, not a proxy for Jane Doe. *See Dep't of Fair Emp. & Hous. v. Cisco Sys., Inc*., 297 Cal. Rptr. 3d 827, 831 (Cal. Ct. App. 2022) ("As the public arm of the enforcement procedure, the Department acts independently when it sues for FEHA violations. Were it merely a proxy, the employee would decide whether to bring an action, and the Department would be limited to pursuing only the relief that could be obtained by the employee."). And as an independent party, DFEH is only authorized by statute to bring claims based on unlawful employment practices. *See* Cal. Gov. Code § 12965(a)(1) ("In the case of failure to eliminate an unlawful practice under this part through conference . . . the [DFEH] director in the director's discretion may bring a civil action in the name of the department, acting in the public interest, on behalf of the person claiming to be aggrieved."). In other words, DFEH would be precluded from raising claims on behalf of Jane Doe for conduct unrelated to employment practices. It is true, as Plaintiffs highlight, that Jane Doe could have joined as a plaintiff if she chose to do so, in which case she would have been afforded the opportunity to obtain separate counsel and file her own individual claims. *See* Cal. Gov. Code § 12965(a)(3); Opp'n 22. But Jane Doe did not join DFEH's suit, and the possibility that Jane Doe *may have* joined the suit at some point in the future (or *may have* initiated her own suit), where she *may have* alleged claims that *could potentially* involve bodily injury, slander, and false imprisonment unrelated to her employment, is too attenuated to trigger the duty to defend. Should Jane Doe have joined the Underlying Action as a plaintiff, thereby eliminating some chains of attenuation, the Court's analysis may have differed.

Second, Jane Doe releasing liability for unpled claims in the settlement does not trigger the

United States District Court
Northern District of California

1   duty to defend; there was no reasonable potential for claims unrelated to employment practices to

2   have been pled in the Underlying Action where Jane Doe was not the plaintiff.

3        Ultimately, the Court concludes that there were no claims unrelated to employment

4   practices that could have conceivably been plead in this lawsuit brought by DFEH, and therefore

5   Nationwide did not owe a duty to defend in the Underlying Action.

6        **B.        ERP Exclusion's Application to Pacific International**

7        Plaintiffs also argue that the ERP Exclusion does not apply to Pacific International because

8   Pacific International was not Jane Doe's employer (but rather, Dynapac's parent company).

9   Opp'n 19–20.  Plaintiffs argue that Pacific International was dismissed from the Underlying

10   Action on this basis, which Nationwide contests.  Compl. ¶ 17; Reply 7.  If Pacific International

11   was not Jane Doe's employer, then Plaintiffs contend that the claims against Pacific International

12   could not have possibly been related to employment practices.  Opp'n 19–20.

13        The Court does not make a finding regarding whether Pacific International was Jane Doe's

14   employer.  The Court instead redirects its analysis back to the actual claims in the Underlying

15   Action.  The ERP Exclusion specifically applies "[w]hether the insured may be liable as an

16   employer or in any other capacity."  ERPE Agreement.  In other words, the focus is on the

17   potential claims, not the role of the insured.  Even if Plaintiffs are correct that Pacific International

18   was not Jane Doe's "employer," this does not change the Court's analysis of the Underlying

19   Action and Nationwide's duty to defend.  The Court has found that DFEH brought claims relating

20   to unlawful employment practices, as previously stated DFEH did not have the statutory authority

21   to bring claims unrelated to employment practices, and Jane Doe did not join the action as a

22   plaintiff with the potential to raise claims unrelated to employment practices.  It follows that, as a

23   matter of law, Pacific International's only liability in the Underlying Action could be as an

24   employer, and therefore Nationwide did not owe Pacific International a duty to defend the

25   Underlying Action.  *See N. Am. Bldg. Maint., Inc. v. Fireman's Fund Ins. Co.*, 40 Cal. Rptr. 3d

26   468, 477 (Cal. Ct. App. 2006) ("[I]f [the insured]'s only potential liability was, as a matter of law,

27   as an employer, then [the insurer] would not owe [the insured] a defense. While an insurer must

28   Case No.: 5:21-cv-09312-EJD
     ORDER GRANTING JUDGMENT ON THE PLEADINGS

defend any claim that would be covered if true, even though the claim is in fact false, an insurer

has no duty to defend a noncovered claim even if the claim is false.")[4] (internal citations omitted)

(citing *Horace Mann Ins. Co. v. Barbara B.*, 846 P.2d 792 (Cal. 1993), *as modified on denial of*

*reh'g* (May 13, 1993); *A-H Plating, Inc. v. Am. Nat'l Fire Ins. Co.*, 67 Cal. Rptr. 2d 113 (Cal. Ct.

App. 1997); *Hurley Constr. Co. v. State Farm Fire & Cas. Co.*, 12 Cal. Rptr. 2d 629 (Cal. Ct.

App. 1992); *Jaffe v. Cranford Ins. Co.*, 214 Cal. Rptr. 567 (Cal. Ct. App. 1985)).

The Court concludes that the ERP Exclusion applied to Pacific International in the

Underlying Action, regardless of their status as an employer, because the Underlying Action

necessarily and exclusively involved claims arising from employment practices.  Therefore,

Nationwide did not owe a duty to defend Pacific International in the Underlying Action.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Nationwide's motion for judgment on the

pleadings.  Accordingly, this case is **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

Dated: September 25, 2023

_____
EDWARD J. DAVILA
United States District Judge

---

[4] Plaintiffs mischaracterize *N. Am. Bldg. Maint., Inc. v. Fireman's Fund Ins. Co.*'s application to this case.  The court there analyzed an underlying claim of false imprisonment and a similar insurance policy agreement excluding liability for employment-related practices.  *See N. Am. Bldg. Maint., Inc. v. Fireman's Fund Ins. Co.*, 40 Cal. Rptr. 3d 468, 477–78 (Cal. Ct. App. 2006).  The insurance company there refused to defend in the underlying action, claiming that the false imprisonment allegations were not covered because they related to an employment practice.  *Id.* at 473–74.  The court found that the employment-related practices exclusion did not apply because the insured company was not the complainant's employer (but rather the employer's agent), but the insured company could instead be potentially liable for false imprisonment as a non-employer.  *Id.* at 477–78.  Therefore, the court found that the insurance company owed the duty to defend in the underlying action.  *See id.*  But the court noted that, had the insured company's only potential liability been, as a matter of law, as an employer, then the insurance company would not have owed a duty to defend, regardless of the fact that the insured company was not the employer.  *Id.*  In contrast, the Court here has found that, as a matter of law, Pacific International could only be potentially liable in the Underlying Action as an employer because the Underlying Action limits claims to those involving unlawful employment practices.